UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LARRY JOHNSON,

Petitioner,

v.

DEAN BORDERS, Warden,

Respondent.

Case No.: 1:17-cv-00352-JLT (HC)

ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE

ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 claiming he should be resentenced pursuant to Cal. Penal Code §§ 1170.126 and 1170.18. Because his claims are based solely on state law, the Court is without habeas jurisdiction. Therefore, the petition will be DISMISSED.

**I. PROCEDURAL HISTORY**

On April 12, 1996, Petitioner was convicted in the Fresno County Superior Court of first degree burglary and possession of stolen property. (Doc. No. 1 at 1.) He was sentenced under California's Three Strikes law to a term of 25-years-to-life.

In 2014, Petitioner petitioned for recall of his sentence in the Fresno County Superior Court under Cal. Penal Code §§ 1170.126(b) and 1170.18. (Doc. No. 1 at 3.) The Fresno County Superior Court denied the petition on December 11, 2014, finding Petitioner ineligible for resentencing, as a

matter of state law, since Petitioner could not prove his crime of receiving stolen property qualified for reduction to a misdemeanor. (Doc. No. 1 at 19-20.) Petitioner appealed to the California Court of Appeal, Fifth District Court, which affirmed the judgment on October 31, 2016. (Doc. No. 1 at 17.) Petitioner then filed a petition for review in the California Supreme Court. The petition was summarily denied on January 11, 2017. (Doc. No. 1 at 24.)

Petitioner filed his initial federal petition in this Court on March 10, 2017. (Doc. No. 1). He consented to the jurisdiction of the Magistrate Judge on March 27, 2017.

## II. DISCUSSION

### A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

### B. Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application

> of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

It is well-settled that federal habeas relief is not available to state prisoners challenging state law. Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) ("alleged errors in the application of state law are not cognizable in federal habeas corpus" proceedings).

Petitioner challenges the state court's application of state sentencing laws. Such a claim does not give rise to a federal question cognizable on federal habeas review. Lewis v. Jeffers, 497 U.S. 764 (1990); Sturm v. California Youth Authority, 395 F.2d 446, 448 (9th Cir. 1967) ("a state court's interpretation of its [sentencing] statute does not raise a federal question"). In order to state a claim for relief, Petitioner must demonstrate that the state committed sentencing error, and that the error was "so arbitrary or capricious as to constitute an independent due process" violation. Richmond v. Lewis, 506 U.S. 40 (1992). Petitioner has failed to demonstrate such a violation here, because on its face, the petition shows no sentencing error or arbitrariness.

Cal. Penal Code § 1170.18 permits petitions to recall sentences for those prisoners who are currently serving a felony sentence for an offense that is now a misdemeanor under California's Proposition 47. A felony conviction for receiving stolen property could be eligible pursuant to § 1170.18 if the value of the stolen property did not exceed $950. See Cal. Penal Code § 496(a). Resentencing is not automatic and the petitioner bears the burden to establish his eligibility for resentencing under Proposition 47. People v. Sherow, 239 Cal.App.4th 875, 880 (2015). In this case, the petitioner failed to show the value of the stolen property did not exceed $950. (Doc. No. 1 at 17-24.) Applying California law, the state court determined that he was ineligible for resentencing. This Court is bound by the state court's application of its law, and there is no showing that the state committed sentencing error "so arbitrary or capricious as to constitute an independent due process" violation. Richmond, 506 U.S. 40. Petitioner fails to state a cognizable federal habeas claim. Therefore, the petition must be dismissed.

## III. CERTIFICATE OF APPEALABILITY

In addition, the Court declines to issue a certificate of appealability. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court

DECLINES to issue a certificate of appealability.

**IV. ORDER**

Accordingly, the Court **ORDERS**:

1) The petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE**;

2) The Clerk of Court is **DIRECTED** to enter judgment and close the case; and

3) The Court **DECLINES** to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **March 30, 2017**

**/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE